IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:09CR3092 |
| vs. | |
| JONAIR TYREECE MOORE, a/k/a HIGHC, a/k/a SPADE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the *pro se* motion to vacate under 28 U.S.C. § 2255 (filing 171, the "§ 2255 motion") filed by the defendant, Jonair Moore. The motion was timely filed on May 14, 2012, less than 1 year after Moore's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010); § 2255(b). Accordingly, a petition may be summarily dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

After initial review, the Court finds that the files and records conclusively establish that Moore's claims are without merit and that his motion should be denied.

## I. BACKGROUND

After a jury trial before Senior District Judge Warren K. Urbom, Moore was found guilty of the sole count in the amended indictment, conspiracy to distribute 50 grams or more of a mixture or substance containing crack cocaine, in violation of [21 U.S.C. § 841(a)(1) and (b)(1)(A)](). Moore was sentenced to 292 months' imprisonment.

At trial, fourteen witnesses testified for the government regarding Moore's involvement in a drug conspiracy. The witnesses testified pursuant to plea or post-plea agreements that included cooperation provisions. The government also introduced a video recording of Moore rapping on two occasions. The video depicted Moore and others rapping about drugs, guns, and sexual exploits. Moore's counsel did not object to the admission of the video, and it was admitted in its entirety.

Moore testified on his own behalf and claimed that he had never met many of the government's witnesses, and that he was not involved in distributing drugs. His defense focused on the absence of physical evidence and the lack of evidence of phone calls between himself and the government's witnesses. He also testified that the lyrics in his rap performances were not literally true but were meant to be provocative and draw a response from listeners. Moore also argued that the cooperating witnesses gave false information to the authorities to receive lighter sentences. His counsel subjected the government witnesses to extensive cross-examination regarding their cooperation agreements, criminal records, and inconsistences between their statements and reports prepared by law enforcement officials. The jury nonetheless credited their testimony over Moore's, and returned a guilty verdict.

Moore appealed, claiming, among other things, that (1) the prosecutor engaged in misconduct, by falsifying certain law enforcement reports; (2) that the district court erred in admitting the video of him rapping; and (3) that he was denied effective assistance of counsel. The Eighth Circuit Court of Appeals rejected the first two arguments, declined to address the third, and affirmed Moore's conviction.

## II. ANALYSIS

Moore raises three claims for relief under [§ 2255](). First, Moore renews his claim of prosecutorial misconduct, arguing that the prosecutor proffered evidence she knew to be perjured. Second, Moore argues that his trial counsel

was ineffective for failing to object to the admissibility of the rap video under Fed. R. Evid. 403 and 404(b). Finally, Moore contends that he was the victim of vindictive prosecution, and alleges that the prosecuting attorney "had, and continues to have, an ongoing family relationship" with one of the government's witnesses at trial, Christopher Evans. Filing 171, at 4. The Court finds that these arguments are uniformly without merit.

### A. Prosecutorial Misconduct

Moore claims that the prosecutor introduced evidence she knew to be perjured, which prejudiced Moore's defense, in violation of due process. Filing 171, at 4. The knowing use of perjured testimony by the government may provide a basis for relief under § 2255. *Crismon v. United States*, 510 F.2d 356, 357 (8th Cir. 1975). But the defendant bears the burden of proving that the testimony was, in fact, perjured, and that the government knew, or should have known, of the perjury at the time the testimony was presented. *United States v. Duke*, 50 F.3d 571, 577–78 (8th Cir. 1995). Moore has not alleged any facts in support of this claim, and the Court finds that the claim is not supported by the record.

In his direct appeal, Moore raised a claim of prosecutorial misconduct, alleging a "sprawling conspiracy to secure his indictment." *United States v. Moore*, 639 F.3d 443, 446 (8th Cir. 2011). Moore argued that the prosecutor either conspired with law enforcement officials to falsify certain reports or fabricated parts of the reports herself. The Court of Appeals found no evidence that the reports were falsified and found no indication of prosecutorial misconduct.

Because Moore has not alleged any new facts (or any at all), it appears that Moore is simply attempting to relitigate the claim already rejected by the Court of Appeals. But, with rare exceptions, petitioners may not use a § 2255 motion to relitigate claims which were raised and decided on direct appeal. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc). Moore has not raised any exception to this rule. *See, e.g.*, *Id.* (new evidence of actual innocence); *Davis v. United States*, 417 U.S. 333 (1974) (intervening change in the law).

If Moore is attempting to raise a *new* basis for a claim of prosecutorial misconduct, then he has failed to allege sufficient facts. Rule 2(b) of the Rules Governing § 2255 Proceedings provides that petitioners must "state the facts supporting each ground" for relief in their motion. Vague or conclusory allegations, devoid of specificity, will not support relief under § 2255. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). Accordingly, the Court finds that Moore's first claim should be summarily dismissed.

## B. Ineffective Assistance of Counsel

Moore next asserts that his trial counsel was ineffective for failing to object to the admission of the rap performance, as improper character evidence under Fed. R. Evid. 404(b) and unduly prejudicial under Rule 403. The Court of Appeals declined to address Moore's claim of ineffective assistance of counsel, noting that such claims usually involve facts outside of the existing record and are best addressed under § 2255. *See United States v. Jones*, 586 F.3d 573, 576 (8th Cir. 2009).

To establish a claim of ineffective assistance of counsel, Moore must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id. at 689*.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, --- F.3d ---, 2012 WL 2122160, at *3 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id.* Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008). To determine if prejudice exists, the Court must consider the error in light of the totality of the evidence before the judge or jury. *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006). The Court need not consider both prongs of the *Strickland* test: if the defendant cannot show either deficient performance or prejudice, the Court need not address the other prong. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

Although the Court of Appeals declined to rule on Moore's claim of ineffective assistance of counsel, it did address his claim that the district court erred in admitting the videos. Because Moore's counsel failed to object, the Court of Appeals reviewed for plain error. To show plain error, Moore had to establish that the admission of the evidence affected his "substantial rights;" *i.e.*, that there is a reasonable probability that, but for the claimed error, the result of the proceeding would have been different. *United States v. Vanover*, 630 F.3d 1108, 1119 (8th Cir. 2011).

The Court of Appeals held that the video was not improper character evidence that should have been excluded under Fed. R. Evid. 404(b), because the lyrics constituted evidence of participation in the drug-distribution conspiracy. In the video, Moore demonstrated knowledge of cocaine prices, used drug code-words, and even admitted possessing narcotics. Next, the Court of Appeals found that, even if the probative value of the video was substantially outweighed by the danger of unfair prejudice under Rule 403, it was not prejudicial enough to constitute plain error. "[I]n light of the overwhelming evidence" against Moore, there was not a reasonable probability that the video affected the outcome of the trial. *Moore*, 639 F.3d at 448.

Moore's claim of ineffective assistance of counsel fares no better. Even if Moore could show his counsel was deficient in failing to object under Rules 404(b) and 403, Moore cannot satisfy the "prejudice" prong of *Strickland*. Given the overwhelming evidence against Moore, this Court agrees that there is no reasonable probability that the video affected the outcome of the trial. *Gregg*, 2012 WL 2122160, at *3.

Even without the video, there was more than sufficient evidence to convict Moore. The Eighth Circuit has "'repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses, noting that it is within the province of the jury to make credibility assessments and resolve conflicting testimony.'" *United States v. Bower*, 484 F.3d 1021, 1026 (8th Cir. 2007). Moore's counsel vigorously cross-examined the government's witnesses regarding their cooperation agreements, criminal records, and the inconsistencies between their statements and police reports. The jury was amply prepared to account for any limitations on the witnesses' credibility. Despite this, the jury returned a guilty verdict. Accordingly, the Court finds that Moore's second claim is without merit and should be dismissed.

### C. Vindictive Prosecution

Moore claims that the prosecuting attorney had, and continues to have "an ongoing family relationship" with one of the government's witnesses, Christopher Evans. Filing 171, at 4. Moore did not raise this claim on his direct appeal. He states that he was unaware of this alleged relationship until after his appeal. Filing 171, at 5. Moore bases his claim on a photograph, taken prior to his indictment, that shows the prosecutor and Evans together. Filing 171, at 5. According to Moore, the photograph appeared in the June 6, 2008, edition of the "Lincoln Statesmen Newspaper." Filing 171, at 5. Assuming, for the sake of argument, that Moore has not

procedurally defaulted on this claim,[1] the Court nonetheless finds it to be entirely without merit.

What Moore means by "vindictive prosecution" is not clear. Vindictive prosecution exists when the government's actions were motivated by the prosecutor's personal stake in the outcome of a case or a desire to seek self-vindication for prior errors that he or she may have committed in a case. *United States v. Pittman*, 642 F.3d 583, 586 (7th Cir. 2011). The typical case of vindictive prosecution involves a prosecution pursued in retaliation for the defendant's exercise of a legal right, or where the prosecutor increases the number or severity of the charges. *United States. v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994); *United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990); *see also United States v. Stroud*, 673 F.3d 854, 859 (8th Cir. 2012). To prevail on this claim, Moore must show bad faith or maliciousness on the part of the prosecutor. *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010).

Moore has not alleged bad faith or maliciousness. Rather, he has only alleged that the prosecutor had an "ongoing family relationship" with one of the government's witnesses. Moore has not explained how the prosecutor's purported relationship with one of the fourteen witnesses called by the government amounts to vindictive prosecution. As with his claim of prosecutorial misconduct, Moore has failed to allege sufficient facts to raise a cognizable claim for relief under § 2255. The Court construes Moore's *pro se* filing liberally. *Williams v. Lockhart*, 893 F.2d 191, 193 (8th Cir. 1990). But a liberal construction will not save a petition based upon conclusory or non-specific factual allegations. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Moore has not specified the family relationship that the prosecutor and Evans are alleged to have. More importantly, assuming they are somehow related, Moore has not explained how this informed the government's decision to prosecute him or otherwise prejudiced his defense. Moore's third claim is not supported by the record or the allegations in his petition, and the Court finds that it is without merit and should be summarily dismissed.

---

[1] Habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, and significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review. *United States v. Moss*, 252 F.3d 993, 1000 (8th Cir. 2001). More specifically, a claim not raised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *Id.*

### III. CONCLUSION

The Court has completed its initial review of Moore's [§ 2255](#) motion. The files and records conclusively establish that Moore's claims are without merit, and the Court finds that Moore's motion should be dismissed.

Accordingly,

IT IS ORDERED:

1. Defendant's [§ 2255](#) motion (filing [171](#)) is dismissed;

2. A separate judgment will be entered; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 25th day of July, 2012.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge